

# THE ATTORNEY GENERAL
# OF TEXAS

August 27, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Tommy W. Wallace      Opinion No. JM-776
Criminal District Attorney
Van Zandt County Courthouse     Re: Whether an individual whose
Canton, Texas  75103            spouse is a bail bondsman may
                                be employed as an investigator
                                for the office of criminal dis-
                                trict attorney

Dear Mr. Wallace:

You ask whether an individual whose spouse is the owner of a bail bond business may serve as an investigator for the office of criminal district attorney.

Factual information you furnished states that an applicant for the position of investigator in your office has an interest in his wife's bail bond business. The business was initiated during their marriage, the marriage continues to exist, and the income therefrom is community property.

Under section 41.109 of the Government Code an investigator appointed by a prosecuting attorney has the same authority as the sheriff to make arrests. Your concern stems from the correlation existing between the number of arrests made in the county and the number of bail bonds the applicant's wife writes in the course of her business.

The authority of an investigator is delineated in Section 41.109, as follows:

> (a) An investigator appointed by a prosecuting attorney has the same authority as the sheriff of the county to make arrests anywhere in the county and to serve anywhere in the state warrants, capiases, subpoenas in criminal cases, and all other processes in criminal cases issued by a district court, county court, or justice court of this state.
>
> (b) An investigator is under the exclusive authority and direction of the prosecuting

attorney and is not under the authority and direction of the sheriff. The prosecuting attorney is responsible for the official acts of his investigators and has the same remedies against his investigators and their sureties as any person has against a prosecuting attorney and his sureties.

(c) An investigator may not draw a fee of any character for performing a duty prescribed by this section.

You suggest that the scenario you have detailed may present a common law conflict of interest.

In Attorney General Opinion JM-270 (1984) it was noted that a prior Attorney General Opinion, JM-99 (1983) had discussed common law conflict of interest but the conclusion reached in JM-270 had been modified by the enactment of article 988b, V.T.C.S., by the 68th Legislature. In JM-270 it was stated:

The opinion discussed common law prohibitions against conflicts of interest and concluded that as long as there is no conflict of interest, self-dealing, or potential for dereliction of duties, we believe that as a general proposition, a county official or employee may contract with the county for services or materials which are furnished by that county employee in his private capacity and which are separate and wholly unrelated to his official county duties.

This general conclusion has been modified by the enactment of article 988b, V.T.C.S., which became effective January 1, 1984. Acts 1983, 68th Leg., ch. 640 at 4079. Article 988b, V.T.C.S., relates to conflicts of interest by local public officials:

Section 1. In this Act:

(1) 'Local public official' means a member of the governing body or another officer, whether elected or appointed, paid or unpaid, of any district (including a school district), county, city, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature.

. . . .

Sec. 3.  (a) Except as provided by Section 5 of this Act, a local public official commits an offense if he knowingly:

(1) participates in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the business entity involved;

(2) acts as surety for a business entity that has a contract, work, or business with the governmental entity; or

(3) acts as surety on any official bond required of an officer of the governmental entity.

(b) An offense under this section is a Class A misdemeanor.

Sec. 4.  If a local public official or a person related to that official in the first or second degree by either affinity or consanguinity has a substantial interest in a business entity that would be peculiarly affected by an official action taken by the governing body, the local public official, before a vote or decision on the matter, shall file an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter.  The affidavit must be filed with the official record-keeper of the governmental entity.

Sec. 5.  (a) The governing body of a governmental entity may contract for the purchase of services or personal property with a business entity in which a member of the governing body has a substantial interest if the business entity is the only business entity that provides the needed service or product within the jurisdiction of the governmental entity and is the only business entity that bids on the contract.

(b) The governing body must take a separate vote on any budget item specifically dedicated to a contract with an entity in which a member of the

governing body has a substantial interest and the affected member must abstain from that separate vote. The member who has complied in abstaining in such vote under procedures set forth in Sections 3 and 4 of this Act may vote on a final budget only after the matter in which he is concerned has been resolved.

Sec. 6. . . . The finding by a court of a violation under this article does not render an action of the governing body voidable unless the measure that was the subject of an action involving conflict of interest would not have passed the governing body without the vote of the person who violated this article.

An investigator is an appointed officer who exercises responsibilities beyond those that are advisory in nature. Gov't Code §41.109. He is therefore a local public official within the definition in section 1(1) of article 988b, V.T.C.S.

While you do not furnish us with information relative to the value of the bail bond business, we will assume in answering your question that the applicant has a substantial interest in same.

Attorney General Opinion JM-310 (1985) contrasted the common law conflict of interest prohibition with article 988b, stating:

Article 988b, the current local conflict of interest statute, which became effective January 1, 1984, applies a narrower conflict of interest prohibition to a broader group of public officials and, despite the existence of a conflict, does not void governmental action unless influence is actually exerted.

In reviewing the conduct prohibited by article 988b, Attorney General Opinion JM-310 stated:

Article 988b does not bar such an official's interest in a local government contract, however, but instead penalizes the official if he knowingly

participates in a <u>vote or decision on a matter involving a business entity</u> in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the

business entity involved. . . . (Emphasis added).

A prime example of a _decision_ an investigator would be called upon to make in the performance of the duties of his office would be the determination of whether probable cause existed to make a warrantless arrest. We are of the opinion that this is not a vote or decision on a matter involving a business entity in which the applicant has a substantial interest. Further indication that it was not the intent of the legislature to include the decision-making of a public official such as an investigator is the requirement set forth in section 4 that the public official file an affidavit stating the nature and extent of the interest in the business entity before voting or making a decision on the matter and abstain from further participation. Clearly, it was not intended that an investigator file an affidavit before making a decision on whether probable cause existed to make a warrantless arrest.

We note that under section 41.109(b) of the Government Code that an investigator appointed by you is under your exclusive authority and direction and you have the same remedies against him and his sureties as any person has against a prosecuting attorney and his sureties.

## S U M M A R Y

An individual whose spouse operates a bail bond business may be appointed as an investigator for the office of criminal district attorney and perform the duties of such position without violating the prohibition against conflict of interest by a local public official.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General